# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20749
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2015

Lyle W. Cayce
Clerk

AIDA RAMOS,

> Plaintiff - Appellee

v.

MOHAMED AL-BATAINEH, also known as Ahmad Al-Bataineh,

> Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-380

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:*

This matter arises from a dispute regarding an employer's failure to pay his employee the overtime wages she accumulated while working over 90 hours each week during her 18-year employment. Aida Ramos (Ramos) filed suit against Mohamed Al-Bataineh (Al-Bataineh), alleging violations of the Fair

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20749

Labor Standards Act (FLSA). After a bench trial, the district court found in Ramos's favor, holding that pursuant to the FLSA, Al-Bataineh is an employer, Ramos is an employee of Al-Bataineh's, and Al-Bataineh willfully withheld overtime wages. We AFFIRM.

I.

In 1992, Al-Bataineh owned a shopping center located in Houston, Texas, out of which he ran Harvest Food Store (Harvest), a small grocery, gas station, and gaming establishment. In that same year, Ramos was hired by Al-Bataineh to work at Harvest in various capacities for Al-Bataineh individually, as owner of the shopping center, and as owner of Harvest. Ramos's work consisted primarily of operating the cash register, assisting customers, and operating the gas pumps at Harvest, but also included cleaning the store, cleaning the sidewalk, running errands, and otherwise attending to the business and personal needs of Al-Bataineh.

Over the next 18 years, Ramos worked continuously under the supervision of Al-Bataineh until she was terminated on October 5, 2010. For the majority of those 18 years, Ramos worked seven days a week, for 12 to 14 hours per day, and was paid a fluctuating wage of roughly $400 each week in cash from Al-Bataineh. Generally, Ramos worked from 7:00 a.m. to 7:00 p.m. Monday through Wednesday, and from 7:00 a.m. to 9 p.m. Thursday through Sunday. In 2004, at Al-Bataineh's request, Ramos attended training classes to become certified as a food service manager. In 2007, again at Al-Bataineh's request, Ramos renewed this certification.

Ramos kept detailed records of the hours she worked and her compensation, which she provided to an accountant when she filed her taxes during the years at issue. Al-Bataineh, however, maintained no such records of wages he paid Ramos, did not provide her with the relevant tax documents,

and claimed, at trial, that Ramos was an independent contractor working four to five hours per day.

Although it is unclear exactly when, Al-Bataineh hired another employee, Carla,[1] while Ramos was working at Harvest. Carla would begin her shift after Ramos left for the day, beginning at 7:00 p.m. Monday through Wednesday and 9:00 p.m. Thursday through Sunday. Both Ramos and Carla were charged by Al-Bataineh to handle and sell beer, wine, cigarettes, tobacco, food stuffs, sodas, candy, gasoline, milk, and both local and interstate lottery tickets.

On January 27, 2011, Ramos filed suit against Al-Bataineh in the Southern District of Texas, alleging violations of the overtime compensation provisions of the FLSA.[2] The parties filed their first Joint Pretrial Order on January 21, 2013, detailing each parties' statement of the case, contentions, contested issues of fact, and contested propositions of law. Al-Bataineh's statement of the case, *inter alia*: (1) denied that Plaintiff qualified as an employee under the Fair Labor Standards Act; (2) claimed that Plaintiff worked as a contractor for Defendant Rashid, Inc., on a part-time basis, but never more than 40 hours per week; and (3) alleged that Plaintiff's claim was barred, in part, by the statute of limitations. Under his contested propositions of law, Al-Bataineh stated, *inter alia*, that "Plaintiff was not an employee under the FLSA."

After a bench trial, the district court entered its findings of fact and conclusions of law, concluding that: (1) because of Al-Bataineh's unreliable testimony and lack of evidence supporting his denial of liability, he failed to

---

[1] Carla's last name is not mentioned in the record and is not relevant to the disposition of this case.

[2] Ramos also named two of Mohamed's family members in the suit. However, because the district court determined that Mohamed was the only "employer" of Ramos during her employment at Harvest, we do not mention them here.

No. 13-20749

refute Ramos's claims for unpaid overtime wages; (2) Al-Bataineh met the definition of an employer for FLSA purposes; (3) Ramos met the definition of an employee for FLSA purposes, based on the five factor test from *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008); (3) any FLSA overtime violations were willful and subject to a three-year statute of limitations; and (4) Ramos was entitled to $96,960.32 in unpaid overtime wages and statutory liquidated damages.

## II.

## A.

On appeal, in addition to the statute of limitations argument brought in the joint pretrial order, Al-Bataineh now advances two new arguments: first, that Harvest is not an "enterprise" for FLSA purposes, as Ramos was the only employee during the relevant time period and did not prove that Harvest's gross sales exceeded $500,000, and second, that Ramos is not eligible for FLSA protection because her job duties did not involve interstate commerce. Because he presented the statute of limitations argument to the district court, it is reviewable on appeal. However, nowhere in his pleadings or in the joint pretrial order did Al-Bataineh make either new argument he now advances. It is well-established that arguments not raised before the district court will not be considered on appeal. *See Celanese Corp. v. Martin K. Eby Const. Co., Inc.*, 620 F.3d 529, 531 (5th Cir. 2010); *see also Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (per curiam) ("This Court will not consider an issue that a party fails to raise in the district court absent extraordinary circumstances." (internal citation omitted)). Al-Bataineh's blanket statements, arguing that Ramos was not an FLSA-eligible employee or that Ramos was an independent contractor, did not alert the district court of the specific arguments he now advances on appeal. As a consequence, these arguments are waived. *See Celanese Corp.*, 620 F.3d at 531.

No. 13-20749

B.

Al-Bataineh's only reviewable argument is whether the district court erred in finding that he willfully violated the FLSA, thereby invoking the statutory three-year statute of limitations. Although the district court labeled this finding as a conclusion of law, Fifth Circuit case law characterizes it as a factual conclusion. *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1042–43 (5th Cir. 2010) (labeling district court's finding of willful violation of FLSA as a finding of fact). This factual finding is reviewed for clear error. *See id.* A factual finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

In its conclusions of law, the district court held that Al-Bataineh's "failure to pay Ramos overtime for the 92 hours she worked weekly over an almost 20-year period constitute[d] a willful violation" of the FLSA. The district court's conclusion was based on the factual finding that Al-Bataineh was not only aware of the FLSA and its overtime requirements, but he was also aware that Ramos was egregiously underpaid despite working 92 hours per week. This, in the district court's opinion, "clearly rose above the level of negligence to willfulness."

The relevant section of the FLSA imposes a two-year statute of limitations for violations of the FLSA. 29 U.S.C. § 255(a). The statute of limitations is extended to three years for willful violations of the FLSA. *See id.* To prove a willful violation, the plaintiff must establish that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128

5

(1985)); *see also Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1324 (11th Cir. 2007) ("The three-year statute of limitations may apply even when the employer did not knowingly violate the FLSA; rather, it may apply when it simply disregarded the possibility that it might be violating the FLSA.").

The district court did not clearly err when it held that Al-Bataineh willfully violated the FLSA's overtime payment requirements.  Al-Bataineh was aware of the FLSA and its overtime requirements, and although Al-Bataineh argued that he was unaware that Ramos worked over 40 hours per week, this assertion is refuted by the record.  Ramos's very detailed personal records documented the 92 hours per week she worked and for which she was grossly underpaid.  Al-Bataineh kept no such employment records.  When an employer whose employee works over 90 hours per week chooses neither to keep records of their employee's time nor acknowledge their employee's presence for  those extended hours, that employer can easily be said to have disregarded the possibility of violating the FLSA.  *See Allen*, 495 F.3d at 1324.  This is especially true here, as Al-Bataineh is attempting to turn a blind eye to the egregiously disproportionate ratio between the hours Ramos worked and the wages she was paid.  This conduct most accurately constitutes a willful violation of the FLSA.  Thus, the district court did not clearly err.

We AFFIRM.